IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-105-BO

| | |
|---|---|
| GROUT DOCTOR GLOBAL FRANCHISE CORP.,<br>　　　　Plaintiff,<br><br>v.<br><br>GROUTMAN, INC.; DOCTOR PLUMBER, LLC; and GARY SWANSON,<br>　　　　Defendants. | **ORDER** |

This cause comes before the Court on plaintiff's motion for temporary restraining order and preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. A hearing was conducted before the undersigned on June 6, 2014, at Raleigh, North Carolina at which counsel for plaintiff and defendant Swanson appeared pro se. For the reasons discussed at the hearing and below, plaintiff's request for preliminary injunction is GRANTED.

## BACKGROUND

This matter arises out of a terminated franchise agreement between plaintiff and defendants. The complaint states that this is an action to prevent a terminated franchisee and its owner and affiliate from engaging in illegal conduct intended to attack and damage plaintiff, the franchisor. The actions allegedly taken by defendants in this regard include: infringing the franchisor's trademarks and holding themselves out to be a franchisee after termination; engaging in conduct which caused customers, who thought they were being served by an authorized franchisee, to fear for their safety; making illegal disclosures of the franchisor's trade

secrets and confidential proprietary information; and repeatedly threatening and harassing the franchisor's officers and employees.

Defendant Groutman, Inc. entered into a seven-year franchise agreement with plaintiff in 2006. A renewal agreement between the franchisor and franchisee was entered into on January 3, 2014. The agreement also included a limited, non-exclusive license to use Grout Doctor trademarks, logos, and training materials, as well as providing for post-termination obligations. Plaintiff terminated the franchise renewal agreement with Groutman on February 12, 2014, after receiving two complaints from customers who complained both of faulty work as well as fear for their safety due to the actions and statements of defendant Swanson, the sole shareholder of Groutman.[1] Groutman, Inc. had further failed to pay the renewal fee or submit any gross sales reports as required by the franchise agreement.

Following termination, defendant Swanson began what plaintiff contends is a vendetta campaign against it. Swanson has left threatening voicemails for officers and employees of Grout Doctor Global as well as for the web developer responsible for plaintiff's website, www.groutdoctor.com. Plaintiff alleges that Swanson has continued to use plaintiff's trademarks and continued to hold himself out as an authorized franchisee. Swanson has applied to the United States Patent and Trademark Office for registration of marks already registered by plaintiff, Cmp. Ex. M & N, and has published various e-books using plaintiff's marks and logos on amazon.com.

## DISCUSSION

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 533 U.S. 674, 689 (2008) (quotation and citation omitted). A movant must make a clear showing of each of four elements before a preliminary injunction may issue: (1) that he is likely to succeed

---

[1] Groutman, Inc. is further believed to be the sole member of defendant Doctor Plumber, LLC.

on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 347 (4th Cir. 2009).[2]

Plaintiff has demonstrated that it is entitled to a preliminary injunction in this instance. Plaintiff has demonstrated that it is likely to succeed at a minimum on its claims for trademark infringement under the Lanham Act. "In order to prevail under . . . the Lanham Act for trademark infringement and unfair competition, . . . a complainant must demonstrate that it has a valid, protectible trademark and that the defendant's use of a colorable imitation of the trademark is likely to cause confusion among consumers." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 930 (4th Cir. 1995). By holding himself out as a legitimate franchisee of plaintiff and utilizing plaintiff's actual trademarks, defendant Swanson has and will continue to cause confusion among customers who believe that they are contracting with a representative of Grout Doctor. Irreparable injury regularly flows from trademark infringement. *Id.* at 939 (recognizing that infringement gives rise to irreparable injury as it causes a substantial likelihood of confusion and loss of control of business reputation).

Of grave concern to the Court are the threats made by Swanson on voicemails left for agents of plaintiff that were presented at the hearing. Through those statements Swanson has demonstrated not only that he intends to continue to act in ways which would appear to be in violation of his franchise agreement with plaintiffs and federal law, but which also call into question his mental and emotional stability. The balance of equities clearly tips in favor of an

---

[2] Plaintiff concedes that as notice has been supplied to defendants and a hearing has been held, the remedy it seeks is a preliminary injunction and not a temporary restraining order.

3

injunction as Swanson has shown disregard for the law, and the public interest would only be served by enjoining Swanson from engaging in this kind of behavior in the future.

It is for these reasons that plaintiff's request for preliminary injunction is granted. Defendants are hereby PRELIMINARILY ENJOINED from:

   a. Continuing to infringe on plaintiff's trademarks and holding themselves out to be a franchisee of plaintiff,

   b. Making illegal disclosures and otherwise misappropriating plaintiff's trade secrets or proprietary information,

   c. Continuing to breach post-termination obligations under the franchise agreement,

   d. Harassing and threatening plaintiff's officers, employees, franchisees, and business partners, and

   e. Making false claims regarding plaintiff to agencies of the United States and the State of North Carolina.

Moreover, as stated in open court, defendant Swanson is to have no contact with plaintiff or its officers, employees, or business partners during the pendency of this preliminary injunction. Any communication by defendants necessary for the advancement of this lawsuit shall be limited to counsel for plaintiff, who shall immediately report to the Court should they feel that threats are being made against them. Defendants are CAUTIONED that any violation of this preliminary injunction order shall be punishable by contempt. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 833 (1994).

Finally, defendants are NOTIFIED that a business entity may not appear in this Court without duly licensed counsel. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Counsel*, 506 U.S. 194, 202 (1993); *see also RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350,

4

354 n.3 (4th Cir. 2007). Swanson has confirmed that he is not an attorney authorized to practice law in this district, and thus may only appear for himself without the assistance of counsel.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for preliminary injunction [DE 8] is GRANTED. Plaintiff's motion for leave to file physical exhibit [DE 15] is also GRANTED.

SO ORDERED, this __6__ day of June, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE