IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-105-BO

| | | |
|---|---|---|
| GROUT DOCTOR GLOBAL FRANCHISE CORP., Plaintiff, | ) ) ) ) | |
| v. | ) ) | **ORDER** |
| GROUTMAN, INC.; DOCTOR PLUMBER, LLC; and GARY SWANSON, Defendants. | ) ) ) ) | |

This cause comes before the Court on defendants' motion to dismiss [DE 19] and plaintiff's motion for entry of default [DE 25]. For the reasons discussed below, defendants' motion is DENIED and plaintiff's motion is GRANTED.

## BACKGROUND

This matter arises out of a terminated franchise agreement between plaintiff and defendants. The complaint states that this is an action to prevent a terminated franchisee and its owner and affiliate from engaging in illegal conduct intended to attack and damage plaintiff, the franchisor. The actions allegedly taken by defendants in this regard include: infringing the franchisor's trademarks and holding themselves out to be a franchisee after termination; engaging in conduct which caused customers, who thought they were being served by an authorized franchisee, to fear for their safety; making illegal disclosures of the franchisor's trade secrets and confidential proprietary information; and repeatedly threatening and harassing the franchisor's officers and employees.

Defendant Groutman, Inc. entered into a seven-year franchise agreement with plaintiff in 2006. A renewal agreement between the franchisor and franchisee was entered into on January 3, 2014. The agreement also included a limited, non-exclusive license to use Grout Doctor trademarks, logos, and training materials, as well as providing for post-termination obligations. Plaintiff terminated the franchise renewal agreement with Groutman on February 12, 2014, after receiving two complaints from customers who complained both of faulty work as well as fear for their safety due to the actions and statements of defendant Swanson, the sole shareholder of Groutman.[1] Groutman, Inc. had further failed to pay the renewal fee or submit any gross sales reports as required by the franchise agreement.

Following termination, defendant Swanson began what plaintiff contends is a vendetta campaign against it. Swanson has left threatening voicemails for officers and employees of Grout Doctor Global ("GDG") as well as for the web developer responsible for plaintiff's website, www.groutdoctor.com. Plaintiff alleges that Swanson has continued to use plaintiff's trademarks and continued to hold himself out as an authorized franchisee. Swanson has applied to the United States Patent and Trademark Office for registration of marks already registered by plaintiff, Cmp. Ex. M & N, and has published various e-books using plaintiff's marks and logos on amazon.com.

## DISCUSSION

Defendant Swanson has filed a *pro se* motion to dismiss. As an initial matter, the motion to dismiss is denied as to Groutman and Doctor Plumber because corporations and limited liability companies may only appear through counsel. In its order dated June 6, 2014, the Court notified defendants "that a business entity may not appear in this Court without duly licensed counsel." [DE 23] (citing *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Counsel*, 506

---

[1] Groutman, Inc. is further believed to be the sole member of defendant Doctor Plumber, LLC.

U.S. 194, 202 (1993); *RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 354 n.3 (4th Cir. 2007)). The order noted that "Swanson has confirmed that he is not an attorney authorized to practice law in this district, and thus may only appear for himself without the assistance of counsel." [DE 23]. Because there is no dispute that defendants Groutman and Doctor Plumber may only appear in this Court through Counsel and there is no dispute that defendant Swanson does not qualify as counsel and there is no dispute that the motion to dismiss is only signed by Swanson, and not by any licensed attorney, the motion to dismiss is invalid as to Groutman and Doctor Plumber and is therefore stricken.

As the motion to dismiss applies to Swanson, it must also be denied. The motion does not contend that plaintiff's complaint fails to properly plead any claim, but instead, citing no case law or authorities, sets forth a list of unverified grievances Swanson appears to have with GDG. The motion provides no basis to dismiss GDG's complaint and is therefore denied. *See Microsoft Corp. v. Computer Serv. & Repair, Inc.*, 312 F. Supp. 2d 779, 782 (E.D.N.C. 2004) (summarily denying *pro se* defendant's motion to dismiss that did not demonstrate any deficiency in plaintiff's complaint).

Because GDG caused a copy of the summonses and complaint in this action to be served on Groutman and Doctor Plumber in compliance with Rule 4 of the Federal Rules of Civil Procedure and the time for Groutman and Doctor Plumber to answer or otherwise respond to the complaint has expired without their filing of any valid answer, motion to dismiss, motion for extension, or any other response to the complaint, the Court now grants the motion for entry of default and orders that a default be entered against defendants Groutman and Doctor Plumber.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is DENIED as to Swanson and STRICKEN as to Groutman and Doctor Plumber, and plaintiff's motion for entry of default is GRANTED. The Court ORDERS that a default be entered against defendants Groutman and Doctor Plumber.


SO ORDERED, this _18_ day of September, 2014.


                                            TERRENCE W. BOYLE
                                            UNITED STATES DISTRICT JUDGE

4

Case 7:14-cv-00105-BO   Document 26   Filed 09/22/14   Page 4 of 4