## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

| | | |
|---|---|---|
| Grout Doctor Global Franchise Corp., | ) | Case No.: 7:14-CV-105-BO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MOTION FOR DEFAULT** |
| | ) | **JUDGMENT and** |
| Groutman, Inc., | ) | **PERMANENT INJUNCTION** |
| Doctor Plumber, LLC, & | ) | |
| Gary Swanson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to Rules 55(b)(2) and 65 of the Federal Rules of Civil Procedure and Local Civil Rule 7.1, Plaintiff Grout Doctor® Global Franchise Corp. ("GDG") respectfully moves this Court for a default judgment against all Defendants, and for the entry of a permanent injunction. In support of this Motion, GDG shows the Court the following:

1. GDG commenced this action by filing a Complaint on May 23, 2014. Pursuant to the Court's request, GDG re-filed its Complaint on May 28, 2014. (Doc. 5).

2. On May 29, 2014, the Court issued Summonses for all Defendants. (Doc. 7).

3. GDG served all Defendants with the Complaint and their respective Summonses via hand delivery on May 29, 2014. (Doc. 14).

4. Despite the Court's notice (Doc. 23, at 4), neither Defendant Groutman, Inc. ("Groutman") nor Defendant Doctor Plumber, LLC ("Doctor Plumber") responded to the Complaint or otherwise appeared in this action through a duly licensed attorney. Accordingly, on September 22, 2014, the Court entered default against Groutman and Doctor Plumber. (Doc. 26).

5. After the Court denied Defendant Gary Swanson's *pro se* Motion to Dismiss (Doc. 26), Swanson failed to file any subsequent response to the Complaint. Accordingly, on November 20, 2014, the Court entered default against Swanson. (Doc. 28).

6.     By defaulting, the defendants have admitted the factual allegations in the Complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.").

7.     After entry of default, "the court must consider whether the unchallenged facts support the relief sought." *Carrington v. Easley*, No. 5:08-CT-3175-FL, 2011 WL 2132850, at *2 (E.D.N.C. May 25, 2011) (citing *Ryan*, 253 F.3d at 780). Here, the facts establish that GDG has satisfied the elements of causes of action Nos. 1–5 and 7–9 of the Complaint.[1]   In the Memorandum of Law submitted concurrently with this Motion (Doc. 30), GDG identifies the specific facts establishing that:

    a.  Groutman and Swanson are liable for breach of contract (first cause of action).

    b.  Swanson is liable for breach of a personal guaranty (second cause of action).

    c.  All Defendants are liable for trademark infringement under 15 U.S.C. § 1114 and unfair competition and false advertising under 15 U.S.C. § 1125 (third and fourth causes of action).

    d.  GDG is entitled to cancellation of Defendants' application for registration of GDG's trademarks under 15 U.S.C. §§ 1119 (fifth cause of action).

    e.  Groutman and Swanson are liable for misappropriation of GDG's trade secrets (seventh cause of action).

    f.  All Defendants are liable for unfair and deceptive trade practices (eighth cause of action).

    g.  GDG is entitled to a permanent injunction, as described in more detail below (ninth cause of action).

8.     Next, the Court must make an independent determination regarding damages. *Id.* The Court may determine the amount of damages based on affidavits or may conduct a damages hearing. *E.E.O.C. v. Carter Behavior Health Servs., Inc.*, No. 4:09-CV-122-F, 2011 WL 5325485, at *6 (E.D.N.C. Oct. 7, 2011), *report and recommendation adopted*, No. 4:09-CV-122-F, 2011 WL 5325473 (E.D.N.C.

---

[1]   GDG does not seek default judgment on its sixth cause of action for False Registration, because Defendant's have applied for trademark registrations but have not yet obtained registrations. Additionally, GDG does not seek default judgment on its tenth cause of action for punitive damages, because GDG elects to recover treble damages instead.

Nov. 3, 2011). The Second Declaration of Jeanine Sneyd (attached as <u>Exhibit 1</u> to this Motion (Doc. 29-1)), and the Memorandum of Law submitted concurrently with this Motion (Doc. 30), which incorporates the allegations of the Verified Complaint, establish that GDG is entitled to recover the following monetary damages, summarized below:

| Item | Amount | Interest | Defendants Liable |
|------|--------|----------|-------------------|
| Actual damages for breach of contract | $35,908.73 | Pre- and post-judgment interest, at 18%, running from February 12, 2014 pursuant to N.C. Gen. Stat. § 24-5(a) | Groutman and Swanson |
| Amount added for trebling of contract damages pursuant to N.C. Gen. Stat. § 75-16 | $71,817.46 | Post-judgment interest, at 8%, running from the date of entry of judgment pursuant to N.C. Gen. Stat. § 24-5(b) | Groutman and Swanson |
| Actual damages for misappropriation of trade secrets | $6,701.43 | Pre- and post-judgment interest, at 8%, running from May 23, 2014 pursuant to N.C. Gen. Stat. § 24-5(b) | All defendants |
| Amount added for trebling of damages for misappropriation of trade secrets, pursuant to N.C. Gen. Stat. 75-16 | $13,402.86 | Post-judgment interest, at 8%, running from the date of entry of judgment pursuant to N.C. Gen. Stat. § 24-5(b) | All defendants |

9.      GDG is entitled to a permanent injunction enforcing the obligations of its Franchise Agreement, which specifically authorizes injunctive relief to compel specific performance enforcing the provisions of the agreement. (See Doc. 29-2, attached as <u>Exhibit 2</u> to this Motion, at § 11.3.2). Without limitation, the injunction should require Groutman and Swanson to comply with the following contractual provisions, all of which they have breached:

    a. <u>Section 3.4.4</u> – Groutman and Swanson shall "make no application for registration or other protection of any of the [GDG] Marks . . . without [GDG's] written consent."

     b.  <u>Section 3.6</u> – Groutman and Swanson shall not "disclose the contents of [GDG's proprietary operations manuals] to unauthorized persons" and shall not "copy or otherwise duplicate in any format [GDG's manuals] or any other proprietary materials."

     c.  <u>Section 12.1.2</u> – Upon termination, Groutman shall immediately cease holding itself out as a GDG franchisee and immediately cease using the GDG business format and trademarks.

     d.  <u>Section 12.1.3</u> – Upon termination, Groutman shall immediately disassociate itself from the GDG system.

     e.  <u>Section 12.1.6</u> – Upon termination, Groutman shall immediately return to GDG all proprietary operations manuals.

     f.  <u>Section 16.3</u> – For a period of two years after termination of the Franchise Agreement, neither Groutman nor Swanson shall engage in "the sale or offering of products or services similar to [GDG's] or us[e] a business format which is the same as, or similar to, [GDG's business system] within [their] Territory or within fifty (50) miles of [their] Territory or the Territory of any System franchise or Grout Doctor® business operation."

10.     GDG is entitled to a permanent injunction enjoining Defendants from infringing or making any other illegal or improper use of GDG's trademarks, including THE GROUT DOCTOR, Reg. No. 2,395,447 (Doc. 5-2); the SURGEON LOGO, Reg. No. 2,525,210 (Doc. 5-3); PRETTY TILE, UGLY GROUT?, Reg. No. 2,567,299 (Doc. 5-4); and WE CURE SICK GROUT, Reg. No. 3,572,338.

11.     GDG is entitled to a permanent injunction enjoining Defendants from misappropriating GDG's trade secrets, including without limitation, prohibiting Defendants from selling GDG's trade secrets on www.amazon.com, particularly through the *How to Clean Tile and Grout and How to Tile* publications. N.C. Gen. Stat. § 66-154(a) (providing that the "actual or threatened misappropriation of a trade secret . . . shall be permanently enjoined upon judgment finding misappropriation for the period that the trade secret exists.").

12.     GDG is also entitled to convert the other aspects of the Court's preliminary injunction into a permanent injunction. (Doc. 23, at 4). In particular, GDG requests that the Court permanently enjoin Defendants from:

     a.  Harassing and threatening GDG's officers, employees, franchisees, and vendors; and

     b.  Making false claims regarding GDG to agencies of the United States and the State of

North Carolina.

13.    GDG is entitled to an award of attorneys' fees and costs.  Pursuant to Fed. R. Civ. P. 54(d)(2), GDG will move for an award of attorneys' fees within 14 days of entry of judgment.

14.    Swanson is neither a minor nor an incompetent person.

15.    Pursuant to 50 App. U.S.C. § 521, counsel for GDG has confirmed that Swanson is not in military service.  *See* Affidavit of Matthew S. DeAntonio, attached as <u>Exhibit 3</u> to this Motion (Doc. 29-3).

16.    This Motion is further based on GDG's contemporaneously-submitted Memorandum of Law and on all other papers and pleadings on file with the Court in this matter.

WHEREFORE, GDG requests that the Court:

(a) Enter a default judgment against all Defendants holding them liable for Causes of Action Nos. 1–5 and 7–9, as set forth in the Complaint;

(b) Direct the United States Patent and Trademark Office to cancel Defendants' applications for registration of GDG's trademarks;

(c) Award actual damages in the amounts set forth above;

(d) Award treble damages in the amounts set forth above;

(e) Award pre- and post-judgment interest in the amounts set forth above;

(f) Enter a permanent injunction ordering that:

    a. Groutman and Swanson shall comply with all applicable provisions of the Franchise Agreement that survive termination of the agreement, including without limitation §§ 3.4.4, 3.6, 12.1.2, 12.1.2, 12.1.6, and 16.3.

    b. Defendants shall not infringe or make any other illegal use of GDG's trademarks, including THE GROUT DOCTOR®, the SURGEON LOGO®, PRETTY TILE, UGLY GROUT? ®, and WE CURE SICK GROUT®.

    c. Defendants shall not misappropriate or otherwise disclose GDG's trade secrets or proprietary information, including by selling GDG's trade secrets on <u>www.amazon.com</u>, particularly through the *How to Clean Tile and Grout* and *How to Tile* publications.

    d. Defendants shall not harass or threaten GDG's officers, employees, franchisees, or

5

vendors.

  e.  Defendants shall not make false claims regarding GDG to agencies or the United States and the State of North Carolina.

(g) Award GDG such other and further relief as this Court deems just and proper.


Respectfully submitted this 27th day of February, 2015.


                    **NEXSEN PRUET, LLC**

                    /s/ *Corby C. Anderson*

                    Corby C. Anderson
                    N.C. Bar No.: 20829
                    canderson@nexsenpruet.com
                    Matthew S. DeAntonio
                    N.C. Bar No.: 39625
                    mdeantonio@nexsenpruet.com
                    227 West Trade Street, Suite 1550
                    Charlotte, North Carolina 28202
                    Telephone: (704) 338-5331
                    Facsimile:  (704) 805-4738

                    *Counsel for Grout Doctor Global Franchise Corp.*

6

## CERTIFICATE OF SERVICE

I certify that on February 27, 2015, I served the foregoing **MOTION FOR DEFAULT JUDGMENT and PERMANENT INJUNCTION** upon all parties of record by U.S. Mail, addressed as follows:

Groutman Inc.
Doctor Plumber, LLC
Gary Swanson
511 N. 7th Street
Wilmington, NC 28401

/s/ *Corby C. Anderson*
Corby C. Anderson (N.C. Bar No. 20829)

*Counsel for Grout Doctor Global Franchise Corp.*